## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## AT ATLANTA

**BENJAMIN EVANS,**

      **Plaintiff,**

**v.**                         **CIVIL ACTION NO.**

**TRANSWORLD SYSTEMS, INC.**
**and ROOSEN, VARCHETTI &**
**OLIVIER-GA PLLC,**

      **Defendants.**

## COMPLAINT

Plaintiff Benjamin Evans files his complaint for damages against Defendants Transworld Systems, Inc. and Roosen, Varchetti & Olivier-GA PLLC for their willful, intentional and/or negligent violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq.*

### Parties, Jurisdiction, and Venue

1.    Plaintiff Benjamin Evans is and was at all relevant times a citizen and resident of Alpharetta, Fulton County, Georgia, and a natural person who is obligated

or allegedly obligated to pay a debt, and therefore is a "consumer" under 15 U.S.C. § 1692a(3).

2.  Defendant Transworld Systems, Inc. is and was at relevant times a corporation incorporated in California with its principal office address in Illinois and authorized to do business in Georgia.

3.  Defendant Roosen, Varchetti & Olivier-GA PLLC is and was at all relevant times a professional limited-liability company formed in Michigan with its principal office address in Georgia and authorized to do business in Georgia.

4.  Plaintiff brings this action in order to recover for Defendants' alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*, in attempting to collect consumer debts from Plaintiff.

5.  Jurisdiction is proper with this Court under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

6.  Venue is proper with this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTS

7.  Defendant Transworld Systems, Inc. ("TWI") describes itself on its website as "more than just a collection agency" and "the leading provider of accounts receivable management, debt collections, and loan servicing solutions."

8.  Upon information and belief, TWI is an entity that uses instrumentalities of interstate commerce, including the United States Postal Service, in a business whose principal purpose is the collection of debts, or that regularly collects, or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another, and therefore is a "debt collector" under 15 U.S.C. § 1692a(6).

9.  Defendant Roosen, Varchetti & Olivier-GA PLLC ("RV&O") is a law firm that, according to its website, "takes great pride in being Michigan's premier collection law firm. We represent local, national and international clients in courts throughout the state and associate with counsel throughout the country to effectuate swift, cost-effective debt collection."

10. RV&O is an entity that uses instrumentalities of interstate commerce, including the United States Postal Service, in a business whose principal purpose is the collection of debts, or that regularly collects, or attempts to

3

collect, directly or indirectly, debts owed or due, or asserted to be owed or due another, and therefore is a "debt collector" under 15 U.S.C. § 1692a(6).

11. At some point in 2007, Plaintiff incurred a financial obligation with Charter One Bank, N.A. in the form of an Astrive Undergraduate Loan in order to attend American Intercontinental University.

12. Plaintiff signed a promissory note in the amount of $30,000 with an annual percentage rate of 10.494%, which generated a finance charge of $84,247.20, for a total due of $114,247.20.

13. On September 28, 2018, National Collegiate Student Loan Trust 2007-2 ("NCSLT"), by and through its counsel, Brannon W. Carson, an attorney admitted to practice in Georgia and formerly employed by RV&O, filed a Complaint on Promissory Note against Plaintiff in the State Court of Fulton County, Georgia (attached as Exhibit A), in which it alleged a claim against him in the amount of $48,611.52 as principal, plus accrued interest in the amount of $5,933.38 and court costs ("the Collection Action").

14. The Complaint on Promissory Note attached as an exhibit a June 14, 2007 Deposit and Sale Agreement between National Collegiate Funding LLC ("NCF") and NCSLT, in which NCF agreed to sell certain student loans it owned to NCSLT.

15.     Among the loans that NCF sold to NCSLT, described in the Deposit and Sale

        Agreement's Schedule A as "Pool Supplements," each of which was entered

        into by and among First Marblehead Corporation, NCF, and various financial

        institutions, were loans that were originated on June 14, 2007 under certain

        Charter One Bank, N.A. programs, including Astrive Education (f/k/a

        START) Loan Program and AstriveAlliance Education (f/k/a START) Loan

        Program.

16.     Also among the loans that NCF sold to NCSLT, described in the Deposit and

        Sale Agreement's Schedule B as "Note Purchase Agreements," each of which,

        as amended or supplemented, Pool Supplements, was entered into by and

        among First Marblehead Corporation and various financial institutions, were

        loans that were originated on March 25, 2004 under Charter One Bank, N.A.'s

        Astrive and AstriveAlliance Education (f/k/a START) Loan Programs.

17.     In an exhibit to the Deposit and Sale Agreement, which was entitled "2007-2

        Pool Supplement/Charter One Bank, N.A.," Charter One Bank, N.A. agreed

        to sell certain student loans to NCF, which in turn agreed to sell the loans to

        NCSLT. Among the loans listed on Schedule 1 to the Pool Supplement were

        Note Purchase Agreements, each of which, as amended or supplemented, was

        entered into by and between First Marblehead Corporation and Charter One

Bank, N.A., were loans that were originated on March 25, 2004 under Charter One Bank, N.A.'s Astrive and AstriveAlliance Education (f/ka/ START) Loan Programs.

18. None of the documents mentioned or referenced Plaintiff's promissory note to Charter One Bank, N.A., nor did any of the documents identify any sale, exchange, or other transfer of Plaintiff's promissory note to NCSLT.

19. Article X, Communication and Notice Requirements, of the Deposit and Sale Agreement provides that notice may be given to NCSLT in care of Wilmington Trust Company, as its Owner Trustee.

20. NCSLT is a trust and may act only through its trustee.

21. Defendants did not bring the Collection Action in the name of NCSLT's Owner Trustee.

22. Defendants were aware of the identity of NCSLT's Owner Trustee from the exhibits attached to the Complaint on Promissory Note filed by Defendants.

23. Defendants did not bring the Collection Action in the name of Wilmington Trust Company.

24. TSI is not NCSLT's trustee but TSI and RV&O filed the Collection Action in NCSLT's name to collect Plaintiff's alleged debt.

25.   Georgia law provides that "Transfer of property to a trust shall require a transfer of legal title to the trustee." O.C.G.A. § 53-12-25(a).

26.   Georgia law also requires that "Every action shall be prosecuted in the name of the real party in interest." O.C.G.A. § 9-11-17(a).

27.   The real party in interest for an express trust, such as NCSLT, is its trustee.

28.   Plaintiff's alleged balance due is for a monetary obligation arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" under 15 U.S.C. § 1692a(5).

29.   Plaintiff's alleged debt was placed with, obtained by, or assigned to TSI for the purpose of collecting or attempting to collect the same.

30.   Plaintiff's alleged debt was in default or alleged to be in default when it was placed with, obtained by, or assigned to TSI.

31.   RV&O has never been hired by NCSLT but is retained instead by TSI.

32.   TSI retained RV&O to file collection lawsuits against consumers residing in Georgia, such as Plaintiff.

33.   Upon information and belief, RV&O has filed thousands of lawsuits each year on behalf of TSI.

34.     TSI's actions with respect to any action taken on behalf of or for the benefit of NCSLT is an ultra vires act and is invalid.

35.     The documents attached as exhibits to the Complaint on Promissory Note fail to establish a chain of title to the promissory note from the originating creditor, Charter One Bank, N.A., to NCSLT as the plaintiff in the Collection Action.

36.     Neither TSI nor RV&O possessed the necessary documents to prove the chain of title to NCSLT as the plaintiff in the Collection Action.

37.     The necessary documents to prove the chain of title to NCSLT as the plaintiff in the Collection Action do not exist.

38.     Defendants misrepresented to Plaintiff, the State Court of Fulton County, and the general public the name of the real party in interest in the Collection Action and also misrepresented that the Complaint on Promissory Note was prepared, reviewed, and filed by attorneys exercising their professional judgment, oversight, and supervision, when there was no meaningful attorney involvement in the preparation, review, or filing of the Complaint on Promissory Note.

39.     Defendants did not possess the necessary documents to prove any chain of title in the Collection Action.

40.     Defendants could not obtain the necessary documents to prove any chain of title in the Collection Action.

41.     The necessary documents to prove any chain of title in the Collection Action do not exist.

42.     As evidenced by the filing in the Collection Action, RV&O does not ensure that there is meaningful attorney involvement in the preparation, review, or filing of collection actions.

43.     TSI is aware of and implicitly and explicitly approves of the lack of meaningful attorney involvement by continuing to use RV&O.


**COUNT I**
**Violations of FDCPA by Defendants**

44.     Plaintiff incorporates paragraphs 1 through 43 by reference hereto as if set forth verbatim hereinafter.

45.     Defendants violated 15 U.S.C. §§ 1692e(2), (10), and (14) by failing to identify the real party in interest in the Collection Action and any subsequent communications.

46.     Defendants violated 15 U.S.C. §§ 1692e(5) and 1692f(1) by filing suit in the name of an entity that has no standing to sue under Georgia law.

47.     Defendants violated 15 U.S.C. § 1692e and 1692e(3) by failing to exercise meaningful attorney involvement in the preparation, review, and filing of the Collection Action and any subsequent filings.

48.     Defendants' acts or failures to act were intended to harm Plaintiff (or were negligently performed without regard to their consequence) and did harm Plaintiff and cause him to sustain damages.

49.     As a direct and proximate result of each and every violation of the FDCPA committed by Defendants, Plaintiff is entitled to actual damages under 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000 for each violation under 15 U.S.C. § 1692k(a)(2)(A); and attorney's fees and costs under 15 U.S.C. § 1692k(a)(3) from all Defendants.

**WHEREFORE**, Plaintiff Benjamin Evans prays that this Honorable Court enter judgment on his behalf against Defendants Transworld Systems, Inc. and Roosen, Varchetti & Olivier-GA PLLC, jointly and severally, as follows:

(1)     An award of actual damages for violations of the Fair Debt Collection Practices Act under 15 U.S.C. § 1692k(a)(1) against Defendants Transworld Systems, Inc. and Roosen, Varchetti & Olivier-GA PLLC, and for the benefit of Plaintiff Benjamin Evans;

(2)    An award of statutory damages for violations of the Fair Debt Collection Practices Act under 15 U.S.C. § 1692k(a)(2)(A) against Defendants Transworld Systems, Inc. and Roosen, Varchetti & Olivier-GA PLLC, and for the benefit of Plaintiff Benjamin Evans;

(3)    An award of attorney's fees and costs under 15 U.S.C. § 1692k(a)(3) against Defendants Transworld Systems, Inc. and Roosen, Varchetti & Olivier-GA PLLC, and for the benefit of Plaintiff Benjamin Evans; and

(4)    Any other relief this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff Benjamin Evans demands a trial by jury.

**BENJAMIN EVANS**
**By Counsel**

/s/ E. Talley Gray
E. Talley Gray (GA Bar No. 533660)
3449-E Lawrenceville-Suwanee Road
Suwanee, GA 30024
(678) 428-4868
talleygray@gmail.com

*Counsel for Plaintiff Benjamin Evans*

11